

**FILED**

APR 2 0 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mark Hall,                                )
                                          )
       Plaintiff,                         )
                                          )
       v.                                 )    Civil Action No.  **09 0711**
                                          )
Robert Mueller, Director, F.B.I. *et al.*,   )
                                          )
       Defendants.                        )

## MEMORANDUM OPINION

This matter comes before the Court on consideration of a *pro se* complaint and an application to proceed *in forma pauperis.* The Court will grant the individual's application and dismiss the complaint as frivolous and failing to state a claim upon which relief may be granted.

Asserting a claim under 42 U.S.C. § 1983, the plaintiff sues the Director of the F.B.I. and "unknown government agents" in both their official and individual capacities. Compl. (caption). The gravamen of his complaint is that he has learned how to cause massive destruction using the anthrax virus and that he tried multiple times to warn government officials, and specifically the Director of the F.B.I. of the threat of an anthrax disaster. *Id.* at 1. Although plaintiff has sent more than 50 letters, the agents have disregarded his warnings. *Id.* He further states:

> The Director of the F.B.I. and unknown agents who have received my numerous
> letters to six government agencies have acted with total disregard of human life,
> their oath of office or are engaged in a conspiracy to cause or facilitate a terrorist
> act to justify their war on terror. You cannot stop me from arming any terrorist
> organization with info on WMDs if I wanted them to have it; not that I do. Yet
> you have prevented me from stopping an attack.

*Id.* (puncutation and spelling corrected). Concluding that the defendants' unresponsiveness to his letters has increased the danger of a terrorist attack, he alleges a conspiracy to do exactly that,

and also asserts that the defendants' conduct "has caused [him] to possibly violate hundreds of federal laws in an attempt to prevent a terrorist attack." *Id.* at 2 (spelling corrected). The complaint seeks unspecified injunctive relief. *Id.* ("I want an injunction prohibiting the defendants' illegal behavior.")

To state a claim under § 1983, a complaint must allege facts sufficient to support a reasonable inference that (1) a person (2) acting under color of state, territorial, or District of Columbia law (3) subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 829 (1985). Here, there is no allegation, and there cannot be any reasonable allegation, that Director Mueller or the unknown federal agents were acting under color of state law. Moreover, the complaint does not indicate which, if any, of the rights plaintiff has under the Constitution or the laws of the United States have been violated by the defendants' actions. As such, the complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. In addition, this complaint presents the sort of "fantastic and delusional scenario" that warrants immediate dismissal as frivolous. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). Accordingly, the complaint will also be dismissed as frivolous under 28 U.S.C. § 1915A(b)(1). *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

A separate order accompanies this memorandum opinion.

Date: _April 3, 2009_

_____
United States District Judge